*J. O. Gibson, Gibson & DeLoache, Geo. A. Horkan, Jr., Horkan & Peters*, contra.

18488. GIBSON v. THE STATE.

WYATT, Presiding Justice. Elijah Gibson was convicted of murder without recommendation, in Pulaski Superior Court. His motion for new trial, as amended, was denied. The exception here is to that judgment. *Held:*

1. The evidence as to the facts surrounding the killing was ample to establish an unmitigated killing. The evidence as to the mental condition of the accused was conflicting. It follows, there is no merit in the general grounds of the motion for new trial.

2. The first special ground of the motion for new trial contends that a new trial should have been granted because of newly discovered evidence. This evidence concerned the mental condition of the accused, and was entirely cumulative of evidence adduced upon the trial of the case. It was, therefore, not error to deny this ground of the motion for new trial. See Code § 70-204 and annotations.

3. The second special ground complains of the following excerpt from the charge of the court: "Where the issue of insanity is involved, the burden is on the defendant to show, to the reasonable satisfaction of the jury, by a preponderance of the evidence, that at the time of the alleged commission of the act charged against him he was insane. Whether or not that has been done, either by evidence from the State or established by evidence from the defendant or both is a question for the jury." It is contended that the language, "Whether or not that has been established, either by evidence from the State or established by evidence from the defendant, or both, is a question for the jury," was error, for the reason that the law places the burden on the defendant and not on the State to establish insanity. There is no merit in this contention. It is true that the law places the burden of establishing the fact of insanity upon the defendant in a criminal case, but certainly the jury should consider all the evidence on the question, whether offered by the State or the defendant. It follows, it was not error to deny a new trial for any reason assigned.

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 8, 1954—DECIDED MARCH 8, 1954.

*John F. Floyd, D. C. Chalker,* for plaintiff in error.

*Roger H. Lawson, Solicitor-General, Lovejoy Boyer, Eugene Cook, Attorney-General, Rubye G. Jackson,* contra.